WILLIAMS, Judge.
The plaintiff, Kenny Crawford, sued the defendant, the city of Shreveport, to recover damages for personal injuries he sustained when Ms truck struck a large branch of a tree. After a bench trial, the trial court rendered judgment in Crawford’s favor. The city of Shreveport appeals, limiting its assignment of error solely to the issue of causation. We affirm.
FACTS
On February 2,1988, Kenny Crawford was driving a delivery truck for Ms employer, Roadway Express. As he traveled west-wardly on Southfield Road, his truck struck a large overhanging limb from an oak tree growing in the median of the thoroughfare. The city of Shreveport owned the median and tree in question. Witnesses estimated that the diameter of the branch of the tree was as large as twelve inches. When Crawford’s truck struck the limb, he felt Ms neck snap as his head went backwards and hit the cab of the truck. Since the accident, Crawford has suffered from neck and lower back injuries and impotency.
DISCUSSION
The city of Shreveport contends the trial court committed manifest error in finding Crawford met his burden of proving that the accident in question caused his injuries, i.e., neck and back problems and impotency. It contends that Crawford’s lumbar spine condition, the problem which more probably than not rendered Crawford impotent, is a conge-mtal defect and was not caused by the accident. It further contends Crawford did not have any neck symptoms until several years after the accident and, therefore, there is insufficient evidence to prove the accident caused Crawford’s neck injury.
A court of appeal may not set aside a trial court’s finding of fact in the absence of “manifest error” or unless it is “clearly wrong.” Rosell v. ESCO, 549 So.2d 840 (La.1989). Before reversing the fact finder’s determination, the appellate court must review the entire record and conclude from it (1) that a reasonable factual basis does not exist for the fact finder’s conclusion; and (2) that the record establishes that the finding is clearly wrong (manifestly erroneous). See Stobart v. State Through Dept. of Transportation and Development 617 So.2d 880 (La.1993). The issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the fact finder’s conclusion was a reasonable one. Id.
The law recognizes that a medical condition producing disability is presumed to have resulted from an accident if before the accident the injured person was in good health but shortly after the accident the disability-causing condition manifested itself, provided there is a reasonable possibility of a causal connection between the accident and the condition. Sanders v. State Farm Mut. Auto. Ins. Co., 516 So.2d 1162, 1166-67 (La.App. 2d Cir.1987). The test for determming a causal relationsMp between an accident and subsequent injuries is whether the plaintiff has proved through medical and lay testimony that it was “more probable than not” the *682 injuries were caused by the accident. Mart v. Hill, 505 So.2d 1120, 1128 (La.1987). Orgeron v. Prescott, 93-926 (La.App. 5th Cir. 4/14/94), 636 So.2d 1033, 1040.
It is well settled that a defendant takes his victim as he finds him and is responsible for all natural and probable consequences of his tortious conduct. When the defendant’s negligent action aggravates a preexisting condition, he must compensate the victim for the full extent of the aggravation. Nejame v. Hamiter, 614 So.2d 848, 852 (La.App. 2d Cir.1993).
We apply these precepts to this case and, after diligently reviewing the record, conclude that the trial court’s finding on the issue of causation is not unreasonable. At trial, Crawford testified that before the February 1988 accident, he had a happy, gregarious life, was active, had no problems with his back and never experienced problems performing sexually. He stated that since the accident, he has continuously experienced neck, back and impotency problems. His wife, Patricia Crawford, corroborated his testimony. She stated that before the accident Crawford was happy and in good health and that since the accident he has been experiencing problems with both his back and sexual performance.
Crawford further testified that he and his present wife have been married for Rtwelve years. He stated that he had no children by Patricia, but that he had four children from a previous marriage. The city of Shreveport did not rebut this testimony or the testimony of any of the other corroborating witnesses.
The medical evidence shows that forty-eight-year old Crawford suffers from impotency and a lower back condition (congenital spondylolisthesis at L5-S1 with severe degenerative disc disease). The spondylolisthe-sis is a bone defect which allowed his fifth lumbar vertebrae and spine to slip forward onto the sacral. It is a condition that can cause the nerves in the affected area to be pulled and tethered, ultimately resulting in paralysis. It also often causes the lower disc in the affected area to degenerate.
Dr. James L. Moss, an expert in the field of urology, testified by deposition that Crawford’s impotency is related to a lumbar disc injury. He stated that Crawford’s lumbar disc condition is probably affecting the nerves in his pelvic area, which control the flow of blood necessary for an erection. He testified that he did not review the MRI of Crawford’s lumbar spine, but indicated that a mechanical problem, such as the one in Crawford’s lumbar spinal cord area, could cause impotency. Dr. Moss deferred to the orthopedic experts as to the cause of Crawford’s spinal condition.
Dr. Harold Bicknell, an expert in the field of orthopedic surgery, testified that he initially began treating Crawford on April 18, 1988, for complaints of neck and back pain and diagnosed him as having a museuloliga-mental sprain to the cervical and lumbar spine. He stated that, at the time, Crawford did not present x-ray evidence of spondylolis-thesis, so he only prescribed conservative treatment. On July 15, 1988, Dr. Bicknell released Crawford from his care with instructions to continue the conservative treatment for his back and neck problems.
Approximately two years later, October 30, 1990, Dr. Bicknell treated Crawford again for additional complaints of lower back pain. X-rays taken at that time revealed ongoing changes since April 1988, which consisted of spondylolisthesis at L5-S1 and moderate degenerative disc disease. Dr. Bicknell felt that Crawford’s spondylolisthesis existed before the February 1988 accident, but the accident could have caused the | condition to become symptomatic.
Dr. Austine Gleason, also an expert in the field of orthopedic surgery, testified that he examined Crawford on April 6, 1992, and ordered an MRI of Crawford’s cervical and lumbar spines. He stated that the MRI of the cervical spine showed degenerative changes and bulging at C3^4 and C6-7. Dr. Gleason testified that Crawford’s spondylolis-thesis was not traumatic in origin. However, he also felt that the accident could have aggravated the condition and caused it to become symptomatic. Dr. Gleason further stated that if Crawford did not have any problems before the accident and complained consistently after the accident, then more *683 probably than not, the trauma from the accident caused his neck and back symptoms.
The city of Shreveport directs this Court’s attention to Crawford’s failure to seek medical treatment between July 1988 and October 1990. Citing Meany v. Meany, 94-0251 (La. 7/5/94), 639 So.2d 229, 236, the city of Shreveport asserts that Dr. Gleason’s opinion testimony about the cause of Crawford’s symptoms should be disregarded because it was based upon an incorrect assumption that Crawford complained of pain consistently since the time of the accident. We find no merit in this argument. Crawford testified that he has been in constant pain since the accident. He stated that during the time when he did not seek medical treatment, he managed his condition with medication and attempted to let his injuries heal. His witnesses corroborated this testimony.
After reviewing the record, we find that the evidence preponderates in favor of a causal link between the accident and Crawford’s injuries. Crawford was “in good health” at the time of the accident, and, since then, he has been experiencing problems with his back and neck and he has been suffering from impotency. Further, the medical evidence shows there is a reasonable possibility of a causal connection between the accident and the aggravation of a preexisting congenital back condition which produced Crawford’s impotency. Thus, we conclude that a reasonable factual basis exists for the trial court’s finding of causation. Therefore, the trial court’s judgment is not clearly wrong.
^CONCLUSION
For the foregoing reasons, the trial court’s judgment is affirmed. Costs are assessed to the city of Shreveport to the extent allowed by law.
AFFIRMED.